UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARSHALL BALKOM, III,

    Plaintiff,

v.

USAA-CASUALTY INSURANCE
COMPANY,

    Defendant.

CIVIL ACTION FILE
NO. 1:04-CV-2348-WBH

## ORDER

This matter is before the Court on the parties' Joint Motion for Scheduling Conference and Partial Stay of Discovery [41]. Plaintiff brought this diversity case for breach of contract, bad faith, fraud and misrepresentation and punitive damages against Defendant USAA-Casualty Insurance Company ("USAA"), alleging that USAA failed to failed to pay for covered damages to Plaintiff's residence pursuant to a homeowner's insurance policy (the "Policy").

According to the parties, this case has two components: (1) contractual damages that may be subject to a "no suit" clause of the Policy; and (2) non-contractual damages, including personal injury claims, arising out of the claim for fraud and misrepresentation. Only if Plaintiff prevails on the fraud and misrepresentation claim may he obtain non-contractual damages. If Plaintiff prevails on the fraud and misrepresentation claim, then further depositions of medical

professionals will be necessary; however, these depositions will not be necessary if Defendant successfully defends this claim. To avoid unnecessary expense, the parties seek to stay discovery with respect to medical issues, including the naming and deposing of medical experts, until the Court rules on dispositive motions. The Court agrees with the parties' position on this issue and grants their request.

Therefore, it is ORDERED and ADJUDGED that discovery with respect to medical issues in this case is STAYED pending the resolution of dispositive motions. The Joint Motion for Scheduling Conference and Partial Stay of Discovery [41] is GRANTED with respect to the stay of discovery. The Court further finds that the request for a scheduling conference is now MOOT.

Finally, the Court urges the parties to attempt in good faith to resolve this dispute during the Fed. R. Civ. P. 26(f) settlement conference. If so desired, the Court is also willing to assign this case to a magistrate judge for mediation prior to the filing or resolution of any dispositive motions.

It is so ORDERED this 25 day of October, 2005.

Willis B. Hunt, Jr.
Judge, United States District Court

2